**UNITED STATES of America,
Appellee,**

v.

**Lonnie JONES, Aaron Harris, Luke Jones, Defendants–Appellants.**

Nos. 07–0337–cr (L), 07–2538–cr (CON), 07–2611–cr (CON), 07–4579–cr (CON).

United States Court of Appeals, Second Circuit.

Sept. 24, 2008.

---

**1.** Available at: *http:// www.state.gov/g/drl/rls/ hrrpt/2007/100544.htm* (dated Mar. 11, 2008).

**626**

Bruce R. Bryan, Syracuse, NY, for Lonnie Jones.

John A. Cirando, (Robert H. Middlemiss, on the brief), D.J. & J.A. Cirando, Esqs., Syracuse, NY, for Aaron Harris.

Brendan White, White & White, New York, NY, for Luke Jones.

Alina P. Reynolds, Assistant United States Attorney, (Nora R. Dannehy, Acting United States Attorney, on the brief, William J. Nardini, Assistant United States Attorney, of counsel), United States Attorney's Office for the District of Connecticut, Bridgeport, CT, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Aaron Harris, Lonnie Jones, and Luke Jones each were convicted after separate jury trials before Judge Nevas of charges related to their participation in an extensive drug trafficking enterprise in Bridgeport, Connecticut. Specifically, Harris was convicted of conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 846 and was sentenced to life in prison on April 5, 2001. Lonnie Jones was convicted of conspiracy to possess with intent to distribute and distribution of heroin, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and pleaded guilty to aiding and abetting the possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 2 and 922(k). On December 10, 2001, the District Court sentenced Lonnie Jones to life in prison. Luke Jones was convicted of numerous counts, including racketeering, in violation of 18 U.S.C. § 1962(c), conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d), drug conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). On January 7, 2004, the District Court sentenced Luke Jones to life in prison.

All three sentences were vacated and the cases remanded following *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). After denying a motion to recuse by Harris, the District Court conducted a hearing pursuant to *United States v. Fagans*, 406 F.3d 138 (2d Cir.2005), and re-sentenced Harris to life in prison. With respect to Lonnie Jones, the Court determined that a non-Guidelines sentence of 324 months' imprisonment, instead of life, was appropriate in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Finally, following remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), the District Court declined to re-sentence Luke Jones.

■ On appeal, Harris claims that (1) the denial of his recusal motion was an abuse of discretion, and (2) his sentence is unreasonable. Lonnie Jones claims that (3) he is entitled to a remand to the District Court, and a two-level reduction of his offense level based upon the recent amendment to the crack cocaine Guidelines, or, in

the alternative, that (4) his reduced sentence of 324 months' imprisonment is unreasonable. Finally, Luke Jones claims that (5) his sentence is substantively and procedurally unreasonable. We address each defendant's claims in turn and assume the parties' familiarity with the facts and procedural history of the case.

(1) On December 8, 2006, while his resentencing was pending, Harris filed a motion seeking recusal of Judge Nevas pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), and 144. Specifically, Harris complained of three instances of allegedly improper comments by Judge Nevas, including one at a 2002 bond revocation hearing for one of Harris's co-defendants, when the District Court commented that "Aaron Harris is a violent person who doesn't deserve to be a free person." After a hearing, Judge Nevas denied the recusal motion on April 26, 2007. We review the denial of a motion for recusal for abuse of discretion, *see United States v. Giordano,* 442 F.3d 30, 48 (2d Cir.2006), and we find none here. It is well settled that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see also United States v. Carlton,* 534 F.3d 97, 100 (2d Cir.2008) (noting that to support a bias challenge, a judge's comments "must demonstrate such a high degree of favoritism or antagonism as to make fair judgment impossible") (internal quotation marks omitted). Because Harris himself acknowledges that the statements "did not stem from an extrajudicial source," the only relevant inquiry is whether the District Court's comments rise to the level of deep-seated antagonism. We conclude they do not, and accordingly we find that the District Court did not err or abuse its discretion in denying Harris's motion for recusal.

■ (2) Harris claims that the sentence imposed by the District Court is unreasonable. We review a sentence for reasonableness, *see Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007), which is the same review we undertake for abuse of discretion. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We conclude that the District Court reasonably found that a life sentence was appropriate even if Harris's Guidelines range had been calculated by reference to the quantity of drugs for which the District Court found him to be responsible under U.S.S.G. § 2D1.1. *See United States v. Vaughn,* 430 F.3d 518, 528 (2d Cir.2005) (holding that a district court could sentence defendant based on drug amount not found by jury, as long as imposed sentence did not exceed statutory maximum authorized by jury verdict). Accordingly, we find no reason to vacate the sentence.

■ (3) Lonnie Jones argues that his case should be remanded for re-sentencing, based upon the Sentencing Commission's amendment to the crack cocaine Guidelines. We conclude that there is no reason to remand this case in light of the newly amended guidelines or in light of *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), because—separate and apart from the quantity of crack for which he was responsible—the large quantity of heroin for which Lonnie Jones was responsible would still trigger the same offense level, thereby making the crack-to-powder cocaine ratio irrelevant. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that .... (2) in the case of a defendant who has been sentenced to a

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ...."); *cf. United States v. Ogman,* 535 F.3d 108, 109 (2d Cir.2008) (holding that *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008) has "no application [where] the Sentencing Guidelines range applied ... was not the result of the Guidelines' 100–to–1 powder to crack ratio, but rather resulted from [defendant's] status as a career offender under U.S.S.G. § 4B1.1(a), coupled with the statutory maximum term of life imprisonment for his cocaine-base offense.").

 (4) Alternatively, Lonnie Jones argues that his sentence is unreasonable. Upon a review of the record, we conclude that the 324–month sentence imposed by the District Court on a *Crosby* remand is both procedurally and substantively reasonable. The Court complied with all of the procedural requirements for a *Crosby* remand and stated that it had considered all of Lonnie Jones's arguments, the relevant Guidelines, and the § 3553(a) factors. We see nothing in the record to the contrary. Accordingly, we find no reason to vacate Lonnie Jones's sentence.

(5) Finally, Luke Jones argues that his sentence is unreasonable, and that the District Court's decision at the *Crosby* remand hearing was unreasonable. Upon a review of the record, we find Luke Jones's claims to be without merit. With respect to the sentence itself, the Court carefully considered all the evidence in the case, the applicable Sentencing Guidelines, and the § 3553(a) factors before imposing its sentence. Accordingly, we conclude the sentence is reasonable. Moreover, we find that the Court did not err by declining to re-sentence Luke Jones following the *Crosby* remand. The Court appropriately determined after "considering the advisory nature of the Sentencing Guidelines and the factors listed in 18 U.S.C. § 3553(a)" that "it would have imposed the same sentence as the sentence it originally imposed." To the extent that Luke Jones now argues for the first time that both his sentence and the District Court's decision to deny re-sentencing are unreasonable because the Court "relied on multiple erroneous findings of fact and incorrect calculations of the sentencing guidelines," we conclude that he is precluded from making such claims. Luke Jones could have raised these issues earlier, both at his initial sentencing hearing and in his original appeal, but did not do so. Accordingly, the law-of-the-case doctrine precludes Luke Jones from raising these claims now. *See United States v. Williams,* 475 F.3d 468, 475–76 (2d Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 881, 169 L.Ed.2d 739 (2008). We therefore find no reason to vacate Luke Jones's sentence.

Upon a review of the record and the arguments of counsel, we reject defendants' remaining arguments as lacking in merit.

We take this occasion to note that Judge Nevas presided over these extended and complex proceedings of almost a decade with commendable care, thoroughness, and fairness.

## CONCLUSION

For the reasons stated above, the order of the District Court denying Aaron Harris's motion to recuse and the judgments reflecting the sentences of all three defendants are **AFFIRMED.**