**UNITED STATES of America,**
**Appellee,**

**v.**

**Lance JONES, Lyle Jones, Leonard Troy Jones, Leslie Morris, and Willie Nunley, Defendants–Appellants.**

**Nos. 03–1276–cr (L), 03–1557–cr (CON), 03–1564–cr (CON), 03–1587–cr (CON), 03–1629–cr (CON), 03–1725–cr (CON), 04–0671–cr (CON), 04–0672–cr (XAP).**

United States Court of Appeals,
Second Circuit.

Oct. 20, 2008.

Sarah P. Karwan, Assistant United States Attorney (Nora R. Dannehy, Acting United States Attorney, on the brief, Sandra S. Glover, Assistant United States Attorney, of counsel), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

Kevin A. Randolph, Hartford, CT, Kim P. Bonstrom, Bonstrom & Murphy, Shelter Island, NY, Mitch Kessler, Cohoes, NY, John T. Walkley, Monroe, CT, Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT, for Defendants–Appellants.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI and JANE R. ROTH,* Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Lance Jones, Lyle Jones, Leonard Troy Jones, Leslie Morris, and Willie Nunley appeal from judgments of conviction arising from their involvement in an extensive drug trafficking enterprise ("the Jones organization") operating in the P.T. Barnum housing project in Bridgeport, Connecticut. At the conclusion of a seven-week jury trial, Lance Jones was found guilty of violating 18 U.S.C. § 1962(c) (RICO), 18 U.S.C. § 1962(d) (RICO conspiracy), and 18

* The Honorable Jane R. Roth of the United States Court of Appeals for the Third Circuit, sitting by designation.

U.S.C. § 1959(a)(5) (VCAR conspiracy to commit murder); Lyle Jones was found guilty of guilty of violating 18 U.S.C. § 1962(c) (RICO), 18 U.S.C. § 1962(d) (RICO conspiracy), and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (narcotics distribution conspiracy); Leonard Troy Jones was found guilty of violating 18 U.S.C. § 1962(c) (RICO), 18 U.S.C. § 1962(d) (RICO conspiracy), 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (narcotics distribution conspiracy), and 18 U.S.C. § 1959(a)(5) (VCAR conspiracy to commit murder); Leslie Morris was found guilty of violating 18 U.S.C. § 1962(c) (RICO), 18 U.S.C. § 1962(d) (RICO conspiracy), 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (narcotics distribution conspiracy), 18 U.S.C. § 1959(a)(5) (VCAR conspiracy to commit murder), 18 U.S.C. § 1959(a)(1) (VCAR murder), and 18 U.S.C. § 924(c)(1) (use of a firearm in connection with a crime of violence); and Willie Nunley was found guilty of violating 18 U.S.C. § 1962(c) (RICO), 18 U.S.C. § 1962(d) (RICO conspiracy), 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (narcotics distribution conspiracy), 18 U.S.C. § 924(c)(1) (use of a firearm in connection with a crime of violence), as well as two counts of violating 18 U.S.C. § 1959(a)(5) (VCAR conspiracy to commit murder) and 18 U.S.C. § 1959(a)(1) (VCAR murder). On September 3, 2003, the District Court sentenced Lance Jones, Lyle Jones, Leonard Troy Jones, and Willie Nunley; it sentenced Leslie Morris on September 15, 2003. The District Court imposed life sentences on all defendants, except for Lance Jones who was sentenced principally to thirty years' imprisonment. Judgments of conviction were entered on the same day as sentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

All defendants challenge the sufficiency of the evidence underlying their convic-tions, but we see no merit in any of their challenges.

■ With respect to the existence of the RICO enterprise, we reiterate the holding of *United States v. Jones* that the govern-ment's evidence showed the Jones organi-zation to be "a relatively structured RICO enterprise, conducted over a substantial period of time." 482 F.3d 60, 70 (2d Cir. 2006) (appeal of Luke Jones, leader of the Jones organization). Defendants point to no meaningful difference—and we are aware of none—between the evidence pre-sented by the government at the trial of Luke Jones and the evidence presented at their trial. The government's evidence was also sufficient to establish the partic-ipation of each defendant in the Jones organization.

Turning to defendants' challenges to the evidence showing a pattern of racketeering activity, we conclude that sufficient evi-dence—in the form of witness testimony— linked Morris and Nunley to the narcotics distribution conspiracy operating in the "Middle Court" area of the P.T. Barnum housing project. We also conclude that sufficient evidence demonstrated that the racketeering acts of murder and conspira-cy to murder were "related to the activities of [the RICO] enterprise." *United States v. Daidone,* 471 F.3d 371, 375 (2d Cir.2006) (internal quotation marks omitted). First, the government's evidence was sufficient to show that the conspiracy to murder and the murder of Kenneth Porter was driven by the need to punish anyone who cheated members of the Jones organization on their territory. The evidence of Nunley's involvement in that murder—his ordering Morris to commit the murder and the as-sistance he provided before and after the murder—is equally sufficient to support the jury's determination. Second, the jury's finding that Lyle Jones and Nunley

conspired to murder members of a rival gang known as the "Foundation" in an effort to protect the Jones organization's narcotics distribution business is also supported by the evidence presented at trial. Third, the conspiracy to murder and attempted murder of Lawson Day as punishment for his acts of disloyalty to the Jones organization is supported by sufficient evidence, as is the fact that Nunley shot Day in the head three times. Fourth, sufficient evidence showed that the conspiracy between Leonard Jones and Lance Jones to murder Anthony Scott in retaliation for shooting and wounding Leonard Jones originated in Scott's sale of narcotics in packages similarly labeled to those of the Jones organization. Accordingly, sufficient evidence established that these racketeering acts were "related to each other and to the enterprise," and thereby established a pattern of racketeering activity under RICO. *Id.* at 376 (2d Cir.2006). Defendants' challenges to the sufficiency of the evidence supporting their RICO and RICO conspiracy convictions are therefore without merit.

Having found the government's evidence sufficient to withstand defendants' challenge to the jury's findings on the predicate acts of racketeering, we similarly conclude that the evidence is sufficient to withstand defendants' challenge to the jury's determination on the corresponding charges of violent crimes in aid of racketeering ("VCAR"). Leonard Jones, Morris, and Nunley challenge their VCAR convictions arising from the conspiracy to murder Scott and the conspiracy to murder and murder of Porter on the ground that no evidence established that defendants committed these crimes with the purpose of "maintaining or increasing [their] position in an enterprise engaged in racketeering." 18 U.S.C. § 1959(a). For the reasons set forth in the previous paragraph, we conclude that sufficient evidence demonstrated that defendants conspired to murder Scott and conspired to murder and, in fact, murdered Porter in order "to maintain or increase [their] position[s] in the enterprise." *United States v. Concepcion,* 983 F.2d 369, 381 (2d Cir.1992). We also conclude that sufficient evidence supported the jury's determination that Morris and Nunley conspired to murder Porter.

■ Defendants raise three Double Jeopardy challenges to their convictions. First, Lance Jones contends that the predicate racketeering acts of (1) conspiring to murder Foundation members and (2) conspiring to murder Scott are multiplicitous because Scott was a member of the Foundation. We disagree because the government's evidence demonstrated that the two conspiracies served different purposes, neither of which was entirely subsumed by the other. The conspiracy to murder Scott, whose membership in the Foundation was debatable, was undertaken by a subset of the Jones organization in retaliation for the shooting of Leonard Jones and as a signal that attacks on any enterprise member would provoke a fierce response from the whole. The conspiracy to murder Foundation members, on the other hand, was an enterprise-wide initiative designed to intimidate and eliminate drug rivals and, thus, to ensure a narcotics monopoly for the Jones organization within its territory. *See Aparicio v. Artuz,* 269 F.3d 78, 97 (2d Cir.2001) ("[To run afoul of the Double Jeopardy Clause,] the relationship of the two offenses must be like that of concentric circles rather than overlapping circles." (internal alteration and quotation marks omitted)). Second, Nunley argues that the predicate racketeering acts of (1) conspiring to murder Foundation members and (2) conspiring to murder Day are multiplicitous because Day was a member of the Foundation. We reject

this challenge in light of the evidence indicating that Day was actually a member of the Jones organization and the purpose of his murder was to enforce discipline within the enterprise. Third, Nunley argues that his convictions for RICO conspiracy and VCAR murder conspiracy are multiplicitous because the racketeering acts that form the basis of his RICO conspiracy conviction also give rise to his VCAR convictions. This argument is meritless. *See United States v. Polanco,* 145 F.3d 536, 542 (2d Cir.1998) ("It is well settled that Congress sought to permit cumulative sentences for a RICO conviction and the predicate offenses upon which the RICO violation is premised.... [T]he government may prosecute a defendant both under RICO for engaging in a pattern of racketeering activity and also under § 1959 for violent crimes intended to maintain or increase the defendant's position in the RICO enterprise." (citation and internal quotation marks omitted)).

Lyle Jones and Morris challenge for the first time on appeal the methodology set forth in the pre-sentence report ("PSR") and adopted by the District Court for determining the quantities of crack and heroin distributed by the Jones organization. Because they did not raise this issue in the District Court, we "deem [the] challenge waived and decline to consider it on appeal." *United States v. Eberhard,* 525 F.3d 175, 179 (2d Cir.2008).

Morris also brings a challenge for the first time on appeal to the jury instructions of the District Court. He contends that the District Court erred when it failed to instruct the jury on the interstate commerce element of the VCAR offenses. Because Morris failed to object to this aspect of the jury instructions in the District Court, our review is for plain error, *see United States v. Vasquez,* 267 F.3d 79, 86–87 (2d Cir.2001), and we find none here. In

its jury charge, the District Court set forth the interstate commerce element of both the RICO and RICO conspiracy offenses. It then incorporated those instructions by reference in the VCAR instructions when it stated that "[a]ll of the instructions applicable to the racketeering offense should be applied to those elements as they are involved in the V[ ]CAR charges." In light of these instructions we perceive no error, much less plain error, in the District Court's omission of a discrete statement of the interstate commerce element—rather than an incorporation by reference of the elements of RICO and RICO conspiracy—during the VCAR portion of the jury charge.

Morris accuses the government of making prejudicial comments in its summation and criticizes the District Court for taking too active a role in the examination of one of the government's witnesses. Morris faults the government for commenting on Morris's absence from the P.T. Barnum housing project following the murder Porter and for stating its belief that defendants received a fair trial. Neither of these comments constitute the "egregious" misconduct required to disturb a conviction based on a prosecutor's summation. *See United States v. Newton,* 369 F.3d 659, 680 (2d Cir.2004). With respect to the District Court's rigorous questioning of a *government* witness, we do not perceive how this questioning prejudiced Morris, and we conclude, in any event, that the questions posed by the District Court fell within its authority to ask "questions ... designed simply to clarify testimony." *United States v. Filani,* 74 F.3d 378, 386 (2d Cir. 1996).

Equally without merit are (1) the challenges pressed by Lance Jones to the District Court's reasonable limitation of his counsel's cross-examination of eyewitness Ricky Irby (which would have been essen-

tially cumulative in attacking Irby's credibility), and its denial of his motion to sever his trial from that of his co-defendants; (2) Leonard Jones's claims of error arising from the District Court's imposition of reasonable limits on his counsel's cross-examination of Lawson Day; (3) Nunley's challenge to the admission of fingerprint evidence on the ground that a "chain of custody" had not been established; (4) the arguments advanced by Nunley and Morris that their convictions run afoul of the Commerce Clause; (5) Morris's contention that 21 U.S.C. § 846 (prohibiting attempts and conspiracies involving narcotics offenses) is unconstitutionally vague; and (6) Morris's argument that he stands improperly convicted of state crimes by a federal court.

Lyle Jones and Leonard Jones contend, and the government concedes, that their sentences were imposed pursuant to a mandatory application of the Sentencing Guidelines and therefore in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Accordingly, we remand their cases pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), for consideration by the District Court of whether they should be resentenced in light of *Booker*.

We have considered all of defendants' arguments on this appeal and have found in them no basis for disturbing their convictions. Accordingly, we AFFIRM the judgments of conviction entered by the District Court in full, and REMAND the cases of Lyle Jones and Leonard Jones pursuant to *Crosby* for further proceedings in the District Court.