09-3542-cr
*United States v. Jones*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand ten.

PRESENT:    AMALYA L. KEARSE,
            JOSEPH M. MCLAUGHLIN,
            DEBRA ANN LIVINGSTON,
                            *Circuit Judges*.

_____

UNITED STATES OF AMERICA,
            *Appellee*,

-v.-                                    Nos.   09-3542-cr (Lead)
                                               09-5159-cr (Con)

LUKE JONES, also known as Mega, LANCE JONES, LONNIE JONES, also known as LT, AARON HARRIS, also known as Dog, also known as Toast, also known as DMX, also known as Hit Man Sosa, LEONARD TROY JONES, also known as X, WILLIE NUNLEY, also known as Man, EUGENE RHODES, also known as Gene, also known as Sprout, DAVID NUNLEY, also known as Boobie, CRAIG BALDWIN, also known as One Eye Craig, JOHN FOSTER, also known as Anthony Johnson, also know as D.C., also known as Troy Kelly, also known as John Billups, also known as David Nunley, RASHEEN LEWIS, also known as Rasheed Lewis, also known as Noriega, also known as Francis G. Sheen, WILLIAM GAITLIN, KEVIN JACKSON, also known as Kong, DAVID A. WILLIAMS, LESLIE MORRIS, also known as BooBoo, QUINNE POWELL, also known as Q, also known as One Letter, DAMON WALKER, also known as Bucky, RAYON BARNES, SEALED399cr264[21], ANTHONY MARSHALL, also known as Ant,
            *Defendants*,

LYLE JONES, also known as Speedy, KENNETH RICHARDSON, also known as Primo, also known as Tyree, also known as Rico,
                    *Defendants-Appellants*.

_____

KIM P. BONSTROM, Bonstrom & Murphy, Shelter Island, NY, *for Defendant-Appellant Lyle Jones*

MALVINA NATHANSON, Esq., New York, NY, and Kenneth Richardson, *pro se*, *for Defendant-Appellant Kenneth Richardson*

CHRISTOPHER M. MATTEI, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney*, on the brief*), *for* David B. Fein, United States Attorney, District of Connecticut, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that (1) the government's motion for summary affirmance with respect to Defendant-Appellant Kenneth Richardson's challenge to his sentence and his counsel's *Anders* motion are **GRANTED**; and (2) the District Court's decision declining to resentence Defendant-Appellant Lyle Jones is **AFFIRMED**.

Defendant-Appellant Kenneth Richardson ("Richardson"), who was convicted by jury verdict of a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (conspiracy to distribute, and to possess with intent to distribute, narcotics), appeals from a November 30, 2009, opinion of the United States District Court for the District of Connecticut (Nevas, *J.*), denying his motion pursuant to 18 U.S.C. § 3582(c)(2) to amend his sentence of life imprisonment. Defendant-Appellant Lyle Jones ("Jones"), a co-conspirator who was convicted following a jury trial of violations of 18 U.S.C. § 1962(c) (RICO), 18 U.S.C. § 1962(d) (RICO conspiracy), and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (conspiracy to distribute, and to possess with intent to distribute, narcotics), appeals from an August

2

11, 2009, order of the United States District Court for the District of Connecticut (Dorsey, *J.*), declining to resentence him after remand to the district court pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *See United States v. Jones*, 296 F. App'x 179, 184 (2d Cir. 2008) (summary order). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I. Kenneth Richardson**

Beginning with the *Anders* motion made by Richardson's counsel and the government's corresponding motion for summary affirmance, we note first that in order to be relieved pursuant to *Anders*, counsel must conscientiously examine the case, identifying any issue that could arguably be raised on appeal. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438-39 (1988). This Court will not grant an *Anders* motion unless it is satisfied that: "(1) . . . counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal; and (2) . . . defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993). Further, this Court should not independently perform counsel's job for him, absent a complete *Anders* brief. *See id.* (noting that "[u]nder *Penson* [*v. Ohio*, 488 U.S. 75 (1988)], [this Court] may not independently determine the merits of an appeal, absent a properly prepared *Anders* brief").

As explained by the district court, the United States Sentencing Commission in 2007 reduced by two levels the base offense level associated with each quantity of crack cocaine, and such change has been given retroactive effect. *See* U.S.S.G. § 2D1.1 (2007) (Amendment 706); U.S.S.G. § 1B1.10(c); *United States v. Regalado*, 518 F.3d 143, 150 (2d Cir. 2008). Pursuant to § 3582(c)(2),

a court may reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Sentencing Guidelines then provides that, where the Guidelines range applicable to a defendant has subsequently been lowered as a result of an amendment listed in subsection (c), a reduction is authorized under § 3582(c)(2). U.S.S.G. § 1B1.10. However, a sentence reduction is not authorized under § 3582(c) if "the amendment does not have the effect of lowering the defendant's applicable [G]uideline[s] range because of the operation of another guideline or statutory provision." *Id.* § 1B1.10 Application Note 1(A). A defendant whose otherwise applicable Guidelines range is subsumed and displaced by a statutory mandatory minimum sentence is ineligible for a sentence reduction based upon a subsequent Guidelines amendment. *See United States v. Williams*, 551 F.3d 182, 185-86 (2d Cir. 2009). This Court reviews *de novo* a district court's determination whether a defendant is eligible for relief under § 3582. *See id.* at 185.

First, the district court properly found that Richardson was not eligible for a sentence reduction because his otherwise applicable Guidelines range was subsumed and displaced by the statutory mandatory life imprisonment sentence applicable to him under § 841(b)(1)(A), *see id*. at 185-86, based on his two previous felony drug offenses. Because the mandatory minimum applied, Richardson's sentence was "no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id*. at 185 (quoting 18 U.S.C. § 3582(c)(2)).

Second, Richardson appears to argue in a *pro se* submission that his prior convictions under Connecticut law did not constitute qualifying felonies for the purpose of enhancing his federal

4

sentence because the applicable Connecticut drug law criminalizing offenses as felonies is broader than federal law. Because Richardson's argument seeks to challenge the basis for his original sentence, however, it is not properly brought in a § 3582 proceeding and is foreclosed by the Supreme Court's decision in *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) (stating that § 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding"). For the same reason, because Richardson's remaining arguments also seek to revisit, modify, and correct his original sentence, they are barred by *Dillon*. *See id*. As a result, there are no non-frivolous issues that could be raised on his behalf. Accordingly, Richardson's counsel's *Anders* motion is granted, and the decision denying his motion to amend his sentence is affirmed.

**II. Lyle Jones**

With respect to Jones, he asserts on appeal that the decision not to resentence him was procedurally unreasonable because, he alleges, the district court failed adequately to explain its conclusion that his sentence in an advisory Guidelines regime would not have differed from the life sentence he received under the then-mandatory Sentencing Guidelines. He argues principally that the district court's failure explicitly to resolve objections made to the Presentence Report in his original sentencing hearing and its failure expressly to consider the sentencing factors set out in 18 U.S.C. § 3553(a) rendered its decision unreasonable. We find that the district court's decision was procedurally reasonable and affirm.

Under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 261-62 (2005), we review sentences imposed by the district court for reasonableness, *United States v.*

*Williams*, 475 F.3d 468, 474 (2d Cir. 2007), which is akin to review for abuse of discretion, *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). Following the decision in *Booker* rendering the Sentencing Guidelines "effectively advisory," *Booker*, 543 U.S. at 245, we decided that we would, as we did here, remand many pending sentencing appeals to the district court "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence," *Crosby*, 397 F.3d at 117. This Circuit "undertake[s] a reasonableness review 'even after a District Court declines to resentence pursuant to *Crosby*.'" *United States v. Johnson*, 567 F.3d 40, 52 (2d Cir. 2009) (quoting *Williams*, 475 F.3d at 474). In this situation, this Court "retain[s] authority to review for reasonableness both the procedure whereby the District Court decided not to resentence and the substance of the undisturbed sentence." *Williams*, 475 F.3d at 471. However, under the law of the case doctrine, a defendant on appeal will ordinarily be "bar[red] . . . from renewing challenges to rulings made by the sentencing court that were adjudicated by this Court — or that could have been adjudicated by us had the defendant made them — during the initial appeal that led to the *Crosby* remand." *Id.* at 475.

Jones first claims that the district court erred on remand in failing to resolve objections raised at his original sentencing hearing to certain aspects of his Presentence Report. Specifically, he objected to (1) the two-level increase in his offense level for Obstruction of Justice pursuant to U.S.S.G. § 3C1.1; (2) the two-level increase in his offense level for the "Use of a Minor" pursuant to U.S.S.G. § 1B1.3(a)(1)(A) & (B) and § 3B1.4; (3) the three criminal history points added pursuant to U.S.S.G. § 4A1.1(d) and 4A1.1(e) because he committed the charged offense while on parole and

within two years of release from a previous term of incarceration; and (4) the three criminal history points added for a 1995 state narcotics conviction that he argued should have been considered part of the conduct of conviction.[1]  While these objections were raised at the original sentencing hearing, the district court's failure to resolve them was not challenged on appeal.  As a result, Jones is precluded by the law of the case doctrine from raising them now.  *See Williams*, 475 F.3d at 475; *United States v. Ben Zvi*, 242 F.3d 89, 96 (2d Cir. 2001) ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision, for it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.").

Jones also argues that his sentence was procedurally unreasonable based on the fact that the district court did not provide an individualized assessment of the sentencing factors set out in 18 U.S.C. § 3553(a) in the decision to deny resentencing.  However, as Jones concedes, this Court "presume[s], in the absence of record evidence suggesting otherwise, that a sentencing judge has

---

[1]Jones also added on remand "three [additional] distinct grounds" in support of his argument regarding the effect this incarceration should have on his Guidelines calculation. Because he did not make these arguments challenging the drug quantity applicable to him on the basis of his prior incarceration or request an adjustment or downward departure on this basis at the original sentencing, we "deem his challenge waived and decline to consider it on appeal." *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008).  Indeed, Jones's attempt to challenge the quantity of narcotics attributed to him for sentencing purposes had already been held waived by this Court on Jones's first appeal. *See Jones*, 296 F. App'x at 183.  To the extent he asks for a downward departure based on a Guidelines provision enacted subsequent to his original sentencing, we note that *Crosby* requires the district court simply to decide whether it "would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence," *Crosby*, 397 F.3d at 117, and does not entitle the Defendant to a departure under subsequently enacted Guidelines provisions.

faithfully discharged [his] duty to consider the statutory factors." *Williams*, 475 F.3d at 477 (second alteration in original) (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006)). "[A] sentencing judge's decision not to discuss explicitly the sentencing factors or not to review them in the exact language of the statute does not, without more, overcome the presumption that [the judge] took them all properly into account." *United States v. Pereira*, 465 F.3d 515, 523 (2d Cir. 2006).

The district judge, having presided over the original sentencing in this case, was well aware of the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). He indicated that he was aware that the Guidelines were now advisory and that he had fully reviewed the record and the parties' submissions in deciding that there was no reason presented to impose a different sentence in this case. As the district judge said in explaining his decision not to resentence, "the factors in the record as rated at the original sentencing remain to be considered now and after consideration there is no basis found [for] imposing any different sentence." Order re: Reduction of Sentence re: Crack Cocaine Offense, *United States v. Jones*, No. 3:99 cr 264 (PCD) (D. Conn. Aug. 11, 2009).

Moreover, we find no indication that the district court inadequately considered any of Jones's arguments for resentencing. While Jones argues that a single comment in the government's submission to the district court may have misled the court into believing it could not take into account his age upon release in assessing his risk of recidivism, there is no evidence in the record that the district court was misled. Jones's argument that a lower sentence was necessary to avoid sentencing disparities among his co-defendants both need not be considered by the district court, *see United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008), and was undermined in any case here by

8

the affirmation of life sentences for others of his co-conspirators, *see, e.g.*, *United States v. Jones,* 294 F. App'x 624 (2d Cir. 2008) (summary order).

Jones attempts to recast as an argument grounded in § 3553(a)'s sentencing factors the claim that the time he spent incarcerated while the conspiracy was ongoing warranted a reduction in the drug quantity attributed to him, a mitigating role adjustment or a downward departure. Even so construed, however, the record is clear that the district court was fully aware of both Jones's role in the conspiracy and his arguments regarding the proper effect of his prior incarceration on his sentence when it denied resentencing. *See Crosby*, 397 F.3d at 113 (finding no "rigorous requirement of specific articulation by the sentencing judge" of its consideration of the § 3553(a) sentencing factors).

Jones argues that the district court erred procedurally by failing to consider his post-sentencing rehabilitation. A district court on a *Crosby* remand, however, is obligated to consider whether to resentence based on "the circumstances existing *at the time of the original sentence.*" *Crosby*, 397 F.3d at 117 (emphasis added); *United States v. Ferrell*, 485 F.3d 687, 688-89 (2d Cir. 2007) (holding that a district court is not to consider evidence of post-conviction rehabilitation in deciding whether to resentence under *Crosby*). Jones's argument that the district court should have specifically addressed the disparate penalties applicable to powder cocaine and cocaine base offenses is likewise unavailing. The quantity of heroin involved in the conspiracy independently gave Jones a base offense level of 38 and, with unchallenged adjustments upward, an advisory Guidelines sentence of life imprisonment. *See* U.S.S.G. § 2D1.1(c)(1). Particularly in such circumstances, there is no reason to conclude that the district court did not consider and reject Jones's request for a

reduction based on any powder/cocaine base disparity.

Especially given the district court's familiarity with this case and the original sentencing proceedings, we are unable to discern, and Jones fails to identify, any indication in this record that the sentencing judge failed to "faithfully discharge[] [his] duty to consider the statutory factors," *Williams*, 475 F.3d at 477 (second alteration in original) (quoting *Fernandez*, 443 F.3d at 30), in deciding not to resentence him. We hold that the decision was procedurally reasonable, and affirm. We have considered Jones's remaining arguments and find them to be without merit.

**III. Conclusion**

For the foregoing reasons, the government's motion for summary affirmance with respect to Richardson and the *Anders* motion of his counsel are **GRANTED**, and the judgment of the district court declining to resentence Jones is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk