05-3431-cr
USA v. Eberhard

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: February 22, 2008          Decided: May 5, 2008)

Docket Nos. 05-3431-cr(L), 05-5248-cr(Con), 06-2913-cr(Con)

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                  Appellee,

        - v.-

TODD M. EBERHARD,

                  Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

Before:        JACOBS, Chief Judge, CALABRESI and SACK,
                 Circuit Judges.

Appeal from a judgment of conviction and a restitution order entered in the United States District Court for the Southern District of New York (Sweet, J.). The defendant challenges the application of newly-enacted 18 U.S.C. § 3771(a) on Ex Post Facto and Due Process grounds. Affirmed.

RICHARD A. GREENBERG, Newman & Greenberg. New York, NY, (Steven Y. Yurowitz, on the brief), for Defendant-Appellant.

JONATHAN R. STREETER, Assistant United States Attorney (Alexander H. Southwell, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

DENNIS JACOBS, Chief Judge:

Defendant-Appellant Todd Eberhard appeals the sentence imposed by the United States District Court for the Southern District of New York (Sweet, J.), upon his guilty plea to conspiracy (18 U.S.C. § 371), investment advisor fraud (15 U.S.C. §§ 80b-6, 80b-17), mail and wire fraud (18 U.S.C. §§ 1341, 1343), and obstruction of justice (18 U.S.C. § 1512).

The facts bearing on this appeal are as follows:  On September 14, 2004, Eberhard entered into a plea agreement under which the parties stipulated to an Offense Level of 30 and Criminal History Category of I resulting in a Guidelines range of 97-121 months' imprisonment (plus a fine).  The parties agreed not to seek any departure or adjustment unless it was specifically set forth in the agreement, or to

"suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court <u>sua</u> <u>sponte</u> consider such a departure or adjustment."  Eberhard pled guilty on September 14, 2004.

The Presentence Report ("PSR") recommended a four-level enhancement for Eberhard's leadership role, <u>see</u> U.S.S.G. § 3B1.1, an enhancement to which the parties had not stipulated.  At an Offense Level of 34 and Criminal History Category of I, the PSR's calculated Guidelines sentence was 151-188 months' imprisonment.  The PSR recommended a (below-Guidelines) prison sentence of 96 months.

The Justice for All Act of 2004 became effective on October 30, 2004, between Eberhard's guilty plea and his sentencing.  <u>See</u> 18 U.S.C. § 3771 (2004).  Under the Act, crime victims have the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing."  18 U.S.C. § 3771(a)(4).

Prior to the sentencing on June 7, 2005, Judge Sweet issued a written sentencing opinion which (1) adopted the PSR's Guidelines calculation, (2) considered the other § 3553(a) factors, and (3) imposed a sentence of 151 months' imprisonment (along with a term of supervised release, a

fine, and restitution), "subject to modification at the sentencing hearing."

At that sentencing hearing, Judge Sweet heard from several victims, who urged a draconian sentence.

After hearing from victims, the government, and Eberhard, Judge Sweet calculated a Guidelines range of 151 to 188 months, and expressed an inclination to sentence at the bottom of that range, in order to allow Eberhard an opportunity to make restitution once his prison term had ended. Judge Sweet then imposed a sentence of 160 months--nine months longer than foreshadowed in the written sentencing opinion.

On appeal, Eberhard challenges his sentence on three grounds: (A) that 18 U.S.C. § 3771(a) is unconstitutional as applied to him, (B) that the record does not support a four-level role enhancement under the Sentencing Guidelines, and (C) that his sentence is substantively unreasonable.

**A**

Eberhard contends that, as a consequence of § 3771(a)'s requirement that his victims be allowed the "right to be reasonably heard" at his sentencing (and of their vindictive

4

statements), he received a sentence nine months longer than otherwise, and that § 3771(a) thus violated his rights under both the Ex Post Facto and Due Process Clauses.

Ex Post Facto Clause.  Sentencing courts had access to victim statements long before the Justice for All Act.  We noted in 1989 that "[t]he sentencing court's discretion is 'largely unlimited either as to the kind of information [it] may consider, or the source from which it may come.'" United States v. Carmona, 873 F.2d 569, 574 (2d Cir. 1989) (quoting United States v. Tucker, 404 U.S. 443, 446 (1972)) (emphasis added).  And 18 U.S.C. § 3661, which was enacted in 1948, provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  By the end of 1994, district courts were required to allow victims of violence and sexual abuse to speak at sentencing, see Fed. R. Crim. P. 32(i)(4)(B) (2004), and were permitted to allow any other victim to speak, see Fed. R. Crim. P. 32 advisory comm. note, 1994 amendments, sub. (e).

But even if we assumed (as we do not) both that (1) the longer sentence was attributable to the victim statements and (2) the court was barred from considering victim impact statements prior to enactment of § 3771(a), Eberhard's Ex Post Facto rights would still be unimpaired. The Ex Post Facto Clause does not prohibit all retroactive laws that disadvantage defendants, as Eberhard suggests. The Clause prohibits Congress from passing laws that (1) "make[] an action, done before the passing of the law, and which was innocent when done, criminal; and punish[] such action," (2) "aggravate[] a crime," making it "greater" than when committed, (3) increase the punishment beyond that prescribed when the action was done, or (4) "alter[] the legal rules of evidence, [to] receive[] less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." Calder v. Bull, 3 U.S. (3 Dall.) 386, 390 (1798); see also Carmell v. Texas, 529 U.S. 513, 530 (2000). A law requiring that victims be reasonably heard (if they request) after the defendant has already been convicted does not implicate the Ex Post Facto clause.

Due Process Clause.  A defendant is deprived of due process when the government breaches a plea-agreement provision on which the defendant relied "in any significant degree" when entering the guilty plea.  Santobello v. New York, 404 U.S. 257, 262 (1971).  Eberhard argues that the district court's application of § 3771(a) allowed or compelled the government to circumvent the agreement through "victim-surrogates," and thereby deprived Eberhard of the benefit of his plea agreement.[1]

Eberhard relies on Tenth Circuit dicta expressing "concern[]" when the district court had allowed victims' counsel to present (as amicus) a Guidelines argument that the plea agreement barred the government from making itself.  United States v. Fortier, 242 F.3d 1224, 1230 (10th Cir. 2001).

Fortier questions (without deciding) whether the government may advance by proxy legal arguments it has disclaimed by contract.  Here, nothing in the contract

[1] We elect to discuss Eberhard's Due Process argument even though we could deem the argument waived.  The government disclosed all victim impact letters to Eberhard in advance of the sentencing hearing, and Eberhard lodged no objection either to the number of victims or to their identity.

7

precluded the government from presenting victim impact testimony.  There was no evasion of the contractual limitations on the government's legal arguments: the victims' pleas for a harsh sentence were incidental to presentation of facts.  They were not allowed to argue as amici curiae, as in Fortier.  We therefore need not consider whether the misgivings expressed in Fortier would be entertained in this Circuit.  In any event, the Tenth Circuit held that "any error d[id] not warrant reversal" under the plain error standard, id. at 1231, which is the standard of review here as well.

Eberhard also complains that he received insufficient notice both of the identity of the victims who would address the sentencing court and of the nature of their statements.  But the court afforded Eberhard an opportunity to respond after hearing from the victims.  Eberhard neither objected to the victim statements nor requested additional time to prepare a more thorough response.  It was not plain error for the district court to impose sentence immediately thereafter.

Eighth Amendment. Eberhard contends in passing that allowing victims to address the court at sentencing "has Eighth Amendment implications." Eberhard invokes the Supreme Court's now-overturned prohibition on victim-impact evidence, but elides the fact that the prohibition was limited to death penalty cases. See Booth v. Maryland, 482 U.S. 496, 504 (1987) ("While the full range of foreseeable consequences of a defendant's actions may be relevant in other criminal and civil contexts, we cannot agree that it is relevant in the unique circumstance of a capital sentencing hearing."), overruled in part, Payne v. Tennessee, 501 U.S. 808, 830 (1991).

**B**

The district court enhanced Eberhard's offense level by four levels because Eberhard was the "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).

Eberhard challenged the role enhancement in a motion for reconsideration and resentencing. However, Eberhard failed to object when the enhancement was recommended in the PSR. We therefore deem his challenge waived and decline to

consider it on appeal.  See, e.g., United States v. Soliman, 889 F.2d 441, 445 (2d Cir. 1989) (holding that defendant forfeited his right to challenge the PSR's contents on appeal when he failed to object to it at sentencing).

**C**

Eberhard argues that his prison sentence of 160 months is substantively unreasonable in light of the Probation Office's recommendation of 96 months.

"Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge.  Rather, the standard is akin to review for abuse of discretion." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). Although we do not presume that a Guidelines sentence is reasonable, we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." Id.; cf. Rita v. United States, 127 S. Ct. 2456, 2464-65 (2007).  We see no reason to conclude that Eberhard's sentence--which fell within the bottom half of the court's calculated Guidelines range--lies outside the scope of what is reasonable.

10

## Conclusion

We have considered Eberhard's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgments of the district court are affirmed.