**UNITED STATES of America,**
**Appellee,**

v.

**Eugene LIBBETT, Defendant–**
**Appellant.**

No. 07–0784–cr.

United States Court of Appeals,
Second Circuit.

July 15, 2008.

Bruce R. Bryan, Esq., Syracuse, New York, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, New York, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant Eugene Libbett, who pleaded guilty to one count of unlawful possession of ammunition, *see* 18 U.S.C. § 922(g)(1); one count of possession of a firearm having a barrel less than 16 inches in length, *see* 26 U.S.C. § 5861(c); one count of possession of a firearm not lawfully registered in the National Firearms Registration and Transfer Record, *see id.* § 5861(d); and one count of possession of cocaine base, *see* 21 U.S.C. § 844(a), appeals his 110–month prison sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker*, we review sentences for "reasonableness," 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. Jones*, 531 F.3d 163, 170 (2d Cir.2008) (quoting *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: we "must first ascertain whether the sentence was administered without procedural error," *United States v. Williams*, 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness" by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, *Gall v. United States*, 128 S.Ct. at 597, 600.

On this appeal, Libbett does not challenge the procedures employed by the dis-

trict court in imposing the 110–month sentence. He argues only that the sentence was substantively unreasonable because the court did not properly account for his age, health, and drug addiction. We are not persuaded.

Libbett's 110–month prison sentence falls at the low end of his 110–137 month Guidelines range, derived from a base offense level of 25 and criminal history category of VI. "[I]in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States. v. Eberhard,* 525 F.3d 175, 179 (2d Cir. 2008) (internal quotation marks omitted); *see also Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2467, 168 L.Ed.2d 203 (2007) ("[W]here [the sentencing] judge and [Sentencing] Commission *both* determine that the Guidelines sentence[ ] is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors." (emphasis in original)). Libbett's sentence warrants no different conclusion.

Libbett claims that his age at sentencing, 38, and his professed commitment to reform indicate a low risk of recidivism that makes a Guidelines sentence substantively unreasonable in his case. The argument merits little discussion. The assessment of a defendant's risk of recidivism is a finding of fact that we review only for clear error. *See United States v. Jones,* 531 F.3d at 173–74. In doing so, we are mindful that a district court's insights as to recidivism are informed both by its experience imposing scores of sentences each year and by its direct interaction with the defendant, institutional advantages that we do not share. *See Gall v. United States,* 128 S.Ct. at 597–98; *Rita v. United States,* 127 S.Ct. at 2469; *United States v. Jones,* 531 F.3d at 170–71. In Libbett's case, the record reveals fifteen convictions over twenty years. *See* Sentencing Tr. at 27.

Thus, the district court observed that Libbett had had "about 15 opportunities to say I don't want to do this anymore … and [yet] here we are again in 2007, conviction number 16." *Id.* at 28. Under these circumstances, the district court's decision to impose a sentence at the low end of the Guidelines cannot be deemed substantively unreasonable.

Libbett's argument that his health problems and drug addiction rendered his sentence substantively unreasonable is similarly without merit. We identify no abuse of discretion in the court's conclusion that the "very serious" nature of the firearms offenses to which Libbett pleaded guilty, *id.* at 27, and his demonstrated recidivism, indicated that "a sentence at the low end of the guideline range," *id.* at 30, was appropriate to serve the statutory goals of sentencing in his case. In short, this is not one of "those outlier sentences that reflect actual abuse of a district court's considerable sentencing discretion." *United States v. Jones,* 531 F.3d at 173–74.

In sum, because defendant's sentence was not unreasonable, the judgment of conviction is AFFIRMED.