**UNITED STATES of America,
Appellee,**

v.

**Rondell JOHNSON, Defendant–
Appellant.**

**No. 07–1273–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 26, 2008.

Anne M. Burger, (Jay S. Ovsiovitch, of counsel), Federal Public Defender's Office, Western District of New York, Rochester, NY, Submitting for Appellant.

Bradley E. Tyler, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Rochester, NY, Submitting for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Defendant Rondell Johnson, who pleaded guilty to one count of unlawful possession of a firearm after a prior felony conviction, *see* 18 U.S.C. § 922(g)(1), appeals his 51–month prison sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker,* we review sentences for "reasonableness," 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "a deferential standard limited to identifying abuse of discretion regardless of whether a chal-

lenged sentence is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. Jones,* 531 F.3d 163, 170 (2d Cir.2008) (quoting *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: we "must first ascertain whether the sentence was administered without procedural error," *United States v. Williams,* 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness" by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, *Gall v. United States,* 128 S.Ct. at 597, 600.

On this appeal, Johnson argues that (1) the district court misapprehended its authority to impose a non-Guidelines sentence; (2) the court improperly imposed a special condition of supervised release in the written judgment that was inconsistent with the one pronounced in his presence at the time of sentencing; and (3) the sentence imposed was substantively unreasonable because it did not reflect the fact that Johnson had served 17 months in state prison in connection with a parole violation arising from the same firearm possession supporting his federal conviction. None of these arguments has merit.

### 1. Authority to Impose Non–Guidelines Sentence

■ Nothing in the record in this case undermines our general assumption that a sentencing judge "understood all the available sentencing options, including whatever departure authority existed in the circumstances of the case." *United States v. Sanchez,* 517 F.3d 651, 665 (2d Cir.2008) (citation and internal quotation marks omitted). The district judge's statement that he "considered all of the factors under Section 3553(a)" and concluded that "a guideline sentence here is appropriate,"

and his statement that "the sentence within the guidelines is not inappropriate," *see* Sentencing Tr. at 13, Mar. 19, 2007, are sufficient both to confirm his understanding that a Guidelines sentence was not mandatory and to demonstrate his imposition of an "individualized" sentence. *Gall v. United States,* 128 S.Ct. at 597.

### 2. Special Condition of Supervised Release

■ Johnson submits that the district court erred in imposing a special condition of supervised release in the written judgment—"[t]he defendant shall obtain a GED"—that it did not pronounce in open court. *See United States v. Rosario,* 386 F.3d 166, 168–69 (2d Cir.2004); Fed. R.Crim.P. 43(a)(3). We disagree.

In its oral pronouncement of sentence, the district court stated:

> There was some dispute—it was represented by you that you did have your GED, but Probation had difficulty confirming that. So if you're going to get any kind of employment, I think you need to take steps to see that that has happened, and I'll make that a condition of supervised release.

Sentencing Tr. at 14. Although Johnson submits that this statement does not clearly require him actually to obtain a GED, it is apparent, even from a cold record, that that was the court's intent. In any event, it is "well established" that "the written judgment [may] resolve genuine ambiguities in the oral sentence." *United States v. Truscello,* 168 F.3d 61, 62–63 (2d Cir. 1999). Accordingly, Johnson's arguable identification of ambiguity in the oral pronouncement does not render the written special condition of supervised release invalid.

### 3. Substantive Reasonableness of Sentence

Johnson's 51–month prison sentence falls at the low end of his 51–63 month Guidelines range, derived from an offense level of 17 and criminal history category of VI. "[I]in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States. v. Eberhard,* 525 F.3d 175, 179 (2d Cir.2008) (internal quotation marks omitted). This is because "where [the sentencing] judge and [Sentencing] Commission both determine that the Guidelines sentence[ ] is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors." *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2467, 168 L.Ed.2d 203 (2007) (emphasis in original). Johnson's sentence warrants no different conclusion.

Johnson argues only that a lesser sentence "would have met the goals of sentencing" as enumerated in 18 U.S.C. § 3553(a), given that he had already served time in state prison based on the same conduct for which federal authorities indicted him. Appellant's Br. at 17. Whether or not we accept defendant's argument that the state and federal terms of custody imposed on Johnson serve the same goals of sentencing, *cf. United States v. Verkhoglyad,* 516 F.3d 122, 130 & n. 6 (2d Cir.2008) (noting that violation of supervised release could be penalized as "breach of trust" and, if warranted, "prosecuted separately"), we identify no abuse of discretion in the court's conclusion that "a sentence at the low end of the range," Sentencing Tr. at 12, was appropriate to serve the statutory goals of sentencing in his case.

In sum, because the district court committed no procedural error and defendant's sentence was not unreasonable, the judgment of conviction is AFFIRMED.