SUMMARY ORDER

Defendant-appellant Vidmantas Tehiapchis appeals from a judgment entered in the the United States District Court for the Eastern District of New York (Platt, J.) on November 19, 2007, convicting him, upon a plea of guilty, of one count of conspiracy to distribute MDMA, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1), and one count of receipt and sale of a stolen motor vehicle, in violation of 18 U.S.C. § 2313. We assume the parties’ familiarity with the underlying facts, the case’s procedural history, and the issues on appeal.
Reviewing for abuse of discretion, United States v. Verkhoglyad, 516 F.3d 122, *628 127 (2d Cir.2008), we do not find the district court’s sentence to be procedurally unreasonable. A sentencing judge is not required to make any “specific verbal formulation[ ] ... to demonstrate the adequate discharge of the duty to ‘consider’ ” the factors of § 3553(a). United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006); see Verkhoglyad, 516 F.3d at 129 (“[T]he law does not impose ‘any rigorous requirement of specific articulation’ on sentencing judges with respect to their consideration of § 3553(a) factors.” (quoting United States v. Crosby, 397 F.3d 103, 113 (2d Cir.2005))). In this case, the sentencing transcript shows that the district court properly considered the § 3553(a) factors, and did provide an adequate explanation of the basis for its sentence. The court acknowledged that Tchiapchis was entitled to a downward departure — because of the cooperation agreement — but concluded upon consideration of Tchiapchis’s criminal history that a smaller departure than requested was warranted.
Nor was the sentence substantively unreasonable. The final sentence was below the advisory guideline imprisonment range of 121 to 151 months, and Tchiapchis advances no argument explaining why that range, or his specific sentence below it, was substantively unreasonable. Cf. United States v. Eberhard, 525 F.3d 175, 179 (2d Cir.2008) (“Although we do not presume that a Guidelines sentence is reasonable, we have recognized that ‘in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.’ ”).
For the foregoing reasons, the judgment of the district court is AFFIRMED.