09-2438-cr
United States v. Couto

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of June, two thousand and ten.

PRESENT:

    ROGER J. MINER,
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

    -v.-                                  No. 09-2438-cr

GIL COUTO, also known as Sealed Defendant,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLEE:**                 EDWARD R. BROTON, Assistant United States Attorney  (Richard S. Hartunian, United States Attorney, *on the brief*), United States Attorney's Office for the Northern District of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLANT:**       Bruce R. Bryan, Syracuse, NY.

Appeal from a June 3, 2009 judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Gil Couto appeals from a judgment of the District Court, entered June 3, 2009, sentencing him to 121 months in prison for mail fraud and conspiracy to commit wire fraud and mail fraud. On appeal, Couto argues that (1) the District Court erred in applying a two-level enhancement for obstruction of justice pursuant to Section 3C1.1 (2002) of the United States Sentencing Guidelines; (2) the evidence for both the conspiracy and substantive fraud charges was insufficient to support the jury's verdicts; and (3) the sentence of 121 months imposed by the District Court was substantively unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## I.  Couto's Sentencing Enhancement for Obstruction of Justice

We review the "factual determinations underlying [a district court's] application of the Sentencing Guidelines for clear error." *United States v. Rizzo*, 349 F.3d 94, 98 (2d Cir. 2003). Accordingly, we will uphold a challenged factual finding as long as "the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Id.*

Under the Guidelines pursuant to which Couto was sentenced, a two-level obstruction of justice enhancement applies where a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice in the course of the investigation, prosecution, or sentencing of the instant offense ." U.S.S.G. § 3C1.1 (2002). "[I]n order to base a § 3C1.1 enhancement upon the giving of perjured testimony, a sentencing court must find that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997). The perjury enhancement does not apply to false testimony that is a result of "confusion, mistake, or faulty memory." U.S.S.G. § 3C1.1 cmt. n.2; *see also United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *United States v. Kerley*, 544 F.3d 172, 181 (2d Cir. 2008).

After an independent review of the record on appeal, we hold, for substantially the reasons stated by the well-reasoned order of the District Court, *United States v. Cuoto*, No. 5:07-cr-259, 2009 WL 1559885 (N.D.N.Y. June 2, 2009), that "[Couto's] attempt to extricate himself from damning

trial admissions is not only incredible, but perjurious." *Cuoto*, 2009 WL 1559885, at *5.[1] Couto's explanation of his "confusion" at his sentencing hearing requires the Court to "twist the sworn trial transcript beyond its endurable interpretation." *Cuoto*, 2009 WL 1559885, at *4. We therefore cannot say that the District Court clearly erred in applying a two-level enhancement for obstruction of justice.[2]

## II. Sufficiency of the Evidence

We review de novo a claim of insufficient evidence. *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010). "A defendant challenging the sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor." *United States v. Gagliardi*, 506 F.3d 140, 149 (2d Cir. 2007) (internal quotation marks omitted). "We defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Reifler*, 446 F.3d 65, 94 (2d Cir. 2006) (internal quotation marks omitted); *see generally Jackson v. Virginia*, 443 U.S. 307 (1979). "This standard of deference is especially important when reviewing a conviction of conspiracy." *United States v. Leslie*, 103 F.3d 1093, 1100 (2d Cir. 1997) (internal quotation marks omitted). Ultimately, "[t]he conviction must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Torres*, 604 F.3d 58, 66 (2d Cir. 2010) (internal quotation marks and emphasis omitted).

Couto argues that the evidence presented to the jury was insufficient to support his conviction for conspiracy to commit mail and wire fraud pursuant to 18 U.S.C. §§ 1341 and 1343. We disagree. "[B]oth the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." *Torres*, 604 F.3d at 66 (internal quotation marks omitted; alternation in original; *Glasser v. United*

---

[1] Although the District Court's order identified the defendant as Gil "Cuoto," we rely on the parties' briefs which identify him as Gil "Couto."

[2] Despite the fact that the District Court found the facts on the basis of a "clear and convincing" evidentiary standard, *Couto*, 2009 WL 1559885, at *6, Couto argues that the government's suggestion that the District Court could have relied on a "preponderance of the evidence" standard misreads our case law. He is incorrect. We have held that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives [*United States v.*] *Booker*, [543 U.S. 220 (2005)]." *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005). We have explicitly applied this standard to obstruction of justice enhancements. *United States v. Salim*, 549 F.3d 67, 75 (2d Cir. 2008).

*States*, 315 U.S. 60, 80 (1942). Couto was the owner and president of Sky-Tech, the vehicle through which the fraud was perpetrated, and opened the bank accounts necessary to carry out the fraudulent scheme. He and his co-conspirators also met with at least one prospective victim to convey false information about Sky-Tech's business in order to induce the victim to give Sky-Tech a line of credit. Based on this evidence, and the jury's determination of its weight and the witnesses' credibility at trial, we cannot say that no rational trier of fact could have found that Couto participated in an unlawful conspiracy to commit mail and wire fraud.

Couto also argues that there was insufficient evidence that he knowingly participated in a scheme to commit mail fraud, in violation of 18 U.S.C. § 1341. Specifically, Couto alleges that the government failed to offer direct evidence of his intent to defraud Sky-Tech's suppliers. We have repeatedly emphasized, however, that "intent to defraud" can be established by circumstantial evidence. *See, e.g., United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999); *see also United States v. Goldstein*, 442 F.3d 777, 783-84 (2d Cir. 2006). The circumstantial evidence in the record here provided a more-than-sufficient basis for a rational trier of fact to conclude that Couto had the requisite intent to defraud Sky-Tech's suppliers. For example, on the day Couto signed a check for $229,680 to one victim, TC Tech, Sky-Tech's vendor account had a balance of $1200. Moreover, despite hundreds of calls to his business and residence from vendors seeking to resolve their concerns about why they had received dishonored checks from Sky-Tech in exchange for merchandise, Couto rarely returned a single call. On one occasion, he falsely explained to a victim that Sky-Tech's payments were delayed because he was "[f]inishing up some orders with schools in Toronto." J.A. 138.

### III. Reasonableness of Couto's Sentence

Finally, Couto argues that the sentence of 121 months was substantively unreasonable. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see generally Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the "abuse of discretion" standard). The District Court properly calculated the applicable Sentencing Guidelines range and considered the factors enumerated in 18 U.S.C. § 3553(a). It then imposed a sentence within the applicable guidelines range. While not presumptively reasonable, *United States v. Eberhard*, 525 U.S. 175, 179 (2d Cir. 2008), "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Based on the record before us we cannot say that the District Court abused its discretion, much less erred, in sentencing Couto principally to 121 months' imprisonment.

4

## CONCLUSION

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court