10-0183-cr
United States v. Molina-Castillo

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of April, two thousand and eleven.

PRESENT:

> WILFRED FEINBERG,
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                               No. 10-0183-cr

CARLOS YULMAN MOLINA-CASTILLO,

     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**        David A. Lewis, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY.

**FOR APPELLEE:**        Shane T. Stansbury, Assistant United States Attorney (Preet Bharara, United States Attorney, *on the brief*, and Katherine

Polk Failla, Assistant United States Attorney, *of counsel*), Office of the United States Attorney, Southern District of New York, New York, NY.

Appeal from a January 7, 2010 judgment entered in the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Carlos Yulman Molina-Castillo appeals from the judgment of conviction entered by the District Court, sentencing him principally to 46 months of imprisonment. This sentence was imposed after Molina-Castillo pleaded guilty to illegally reentering the United States after having been lawfully removed following a conviction for the commission of an aggravated felony, a violation of 8 U.S.C. § 1326. The Probation Office calculated that Molina-Castillo's applicable sentencing range under the Sentencing Guidelines was 46 to 57 months' imprisonment in light of Molina-Castillo's total offense level of 21 and Criminal History Category of III. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

The sole issue before us on appeal is whether the sentence imposed by the District Court is both procedurally and substantively reasonable. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see generally Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (quotation marks and citations omitted)). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (in banc).

"A district court commits procedural error where it fails to calculate the [Sentencing] Guidelines range, . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range." *Id.* at 190 (quotation marks and citations omitted).

Molina-Castillo argues that the District Court committed procedural error by failing to specifically address his argument that a Guidelines sentence of 46 months' imprisonment was "greater than necessary" pursuant to 18 U.S.C. § 3553(a), because while Molina-Castillo had committed many prior crimes, they all involved relatively brief periods of incarceration. This argument is without merit. We have held that a district court can fulfill its statutory obligation to

2

"consider" the sentencing factors set forth in § 3553(a) without explicitly identifying or reciting these factors. *See United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006). "Accordingly, we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Id.* at 30. At the sentencing hearing, the District Court explained that he had considered Molina-Castillo's prior criminal history, and saw no reason why the defendant merited a below Guidelines sentence. The District Court concluded that the 46-month sentence was warranted as a deterrent.

This brings us to Molina-Castillo's argument that his sentence is substantively unreasonable. While not presumptively reasonable, *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008), "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *Fernandez*, 443 F.3d at 27. This is so because

> by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one.

*Rita v. United States*, 551 U.S. 338, 347 (2007). Having reviewed the record, we have no trouble concluding that the sentence imposed by the District Court was substantively reasonable. In light of Molina-Castillo's extensive criminal record—he has six criminal convictions on his record in addition to this most recent illegal entry offense—the District Court was amply justified in its determination that a sentence of 46 months' imprisonment was appropriate. We have considered—and reject—Molina-Castillo's primary arguments that (1) the 16-level enhancement set forth in U.S.S.G. § 2L1.2 is without any sound justification, and (2) his sentence is clearly greater than necessary under § 3553(a) because he would have received a lesser sentence had he been prosecuted in a district with a so-called "fast-track program." *United States v. Perez-Frias*, __ F.3d __ (2d Cir. 2011) (per curiam), No. 10-1401-cr, 2011 WL 1184390 (2d Cir. Mar. 31, 2011); *see also United States v. Hendry*, 522 F.3d 239, 242 (2d Cir. 2008).

We have considered all of Molina-Castillo's arguments and find them to be without merit. The judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court