10-0954-cr
United States v. Reyes

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:

JOSÉ A. CABRANES,
DENNY CHIN,
    *Circuit Judges*,
JANE A. RESTANI,
    *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

    *Appellee*,

  v.                                                                    No. 10-0954-cr

JOSE MARINO REYES, also known as ISRAEL RIVERA, also known as JORGE MONROIG,

    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**        David J. Goldstein, Goldstein & Weinstein, Bronx, NY.

---

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

**FOR APPELLEE:**              Thomas M. Sullivan, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, *on the brief*, and Emily Berger, Assistant United States Attorney, *of counsel*), Office of the United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a March 10, 2010 judgment entered in the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Jose Marino Reyes appeals from the judgment of conviction entered by the District Court, sentencing him principally to a term of imprisonment of 7 months—a sentence at the top of the Sentencing Guidelines range calculated by the Probation Office—for false use of a passport, in violation of 18 U.S.C. § 1543, and a mandatory consecutive 24-month term for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

The sole issue before us on appeal is whether the sentence imposed by the District Court is both procedurally and substantively reasonable. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see generally Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (quotation marks and citation omitted)). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (in banc).

"A district court commits procedural error where it fails to calculate the [Sentencing] Guidelines range, . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range." *Id.* at 190 (quotation marks and citations omitted).

Reyes argues that the District Court committed procedural error by failing to specifically address each of the factors in 18 U.S.C. § 3553(a) in considering Reyes's request for a below-Guidelines sentence for his false passport conviction. This argument is without merit. We have held that a district judge can fulfill its statutory obligation to "consider" the sentencing factors set forth in § 3553(a) without explicitly identifying or reciting these factors. *See United States v. Fernandez,*

443 F.3d 19, 29 (2d Cir. 2006). "Accordingly, we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Id.* at 30. At the sentencing hearing, the District Court not only stated that it had considered the § 3553(a) factors in fashioning its sentence, but it also directly addressed Reyes's argument that he deserved a below-Guidelines sentence because the only reason he obtained a fake passport was to be able to get a job in order to provide for his family—a task that would otherwise be daunting in light of Reyes's previous felony drug conviction. As the District Court explained to Reyes, "You know that [your] situation is one of your own doing. It is your actions that caused you to be in the situation you are now in[,] and when I considered this case I considered all that you've said and I find that there is no reason . . . to sentence you below the advisory guidelines." In sum, there were no procedural infirmities in the imposition of Reyes's sentence.

This brings us to Reyes's argument that his sentence is substantively unreasonable. While not presumptively reasonable, *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008), "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. This is so because

> by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one.

*Rita v. United States*, 551 U.S. 338, 347 (2007). Having reviewed the record, we have no trouble concluding that the sentence imposed by the District Court was substantively reasonable. Particularly in light of Reyes's persistent efforts to illegally mask his true identity, the District Court was amply justified in its determination that a sentence of seven months' imprisonment for the false passport charge was appropriate.

We have considered all of Reyes's arguments and find them to be without merit. The judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3