16-3203-cr
*United States v. Kwok*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
                   *Circuit Judges*,
           EDWARD R. KORMAN,
                   *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee*,

                   v.                                        16-3203-cr

CHEN I. CHUNG, SIU MAN WONG, TUNG TRAN,
BRIAN CHAN, DANNY NGO, KENNETH CHENG,
JOSEPH WANG, ALEX WONG, ALECK YIM,
CHIANG T. CHENG, STEVEN NG, ALLAN LIN,
CHEN LONG LI, KIN FEI WONG,
                   *Defendants*,

---

[*]     Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

ROGER KWOK,

*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    DOUGLAS M. PRAVDA, Susan Corkery, Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:       SEAN HECKER, Emily A. Johnson, Alex Ginsberg, Harold W. Williford, Debevoise & Plimpton LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

In 1992, defendant-appellant Roger Kwok was convicted in the court below of racketeering and related crimes, including participating in the kidnapping and murder of two people. He was 16 years old and part of the Green Dragons gang when he committed the crimes. He received a mandatory sentence of life imprisonment. The sentence and conviction were affirmed on appeal. *United States v. Wong*, 40 F.3d 1347 (2d Cir. 1994).

In 2012, the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012), holding that mandatory life imprisonment without parole for those under the age of 18

at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment. Relying on *Miller*, Kwok filed a successful motion pursuant to 28 U.S.C. § 2255 to vacate the sentence.

On June 9, 2016, the district court resentenced Kwok to 37 years' imprisonment after considering the victim impact statement in Kwok's case and a victim impact statement submitted in the resentencing of another gang member, Alex Wong, for different crimes.[1] An amended judgment was entered on September 2, 2016. On appeal, Kwok argues that his sentence should be vacated as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review sentencing decisions for procedural and substantive reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc); *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We apply a "deferential abuse-of-discretion" standard to both procedural and substantive review. *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Because Kwok did not raise his arguments below during the resentencing proceeding, we review the

---

[1] Kwok was the youngest of eight defendants, all members of the Green Dragons gang, who were charged with crimes under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. Kwok was charged and sentenced in connection with the murders of Tina Sham and Tommy Mach in February 1990. Wong was another member of the gang, but was charged and convicted for separate crimes involving the murders of Mon Hsiung Ting and Anthony Gallivan in July 1989.

sentencing decision of the district court for plain error. *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam) ("Where, as here, a defendant contests the procedural reasonableness of his sentence on appeal, but did not raise his objections before the district court, we review for plain error.") (citation omitted). "A finding of 'plain error' requires that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (citation omitted).

## I.    *Victim Impact Letter*

On appeal, Kwok argues that it was plain error for the district court to rely on a sealed letter from Wong's resentencing without notice to Kwok or providing him access to the contents of the letter. Kwok's sentencing submission to the district court noted that Wong received 35 years' imprisonment, despite "a more significant and prolonged history of violent behavior" than Kwok, and argued that a sentence of 27 to 30 years' imprisonment was therefore reasonable for Kwok. App. 93. Accordingly, Kwok provided the transcript of Wong's resentencing as a reference. The transcript of Wong's resentencing included a lengthy discussion of victim impact letters and direct quotations from one sealed letter in particular.

4

"Rule 32 and due process require . . . notice of all relevant information that could be used in determining a defendant's sentence and opportunity to object." *United States v. Romano*, 825 F.2d 725, 730 (2d Cir. 1987). We have found that the notice requirements include victim letters. *See United States v. Berndt*, 127 F.3d 251, 260 (2d Cir. 1997). It is undisputed that Kwok was not given prior notice that the sealed letter would be considered, and that he was not given a copy of the letter. *See* Fed. R. Crim. P. 32(i)(1)(B). The government concedes that by relying on the sealed victim impact statement in Wong's case in determining Kwok's sentence, (1) the district court erred, and (2) the error was clear or obvious. The government argues, however, that prongs three and four of the plain error test were not met. We agree.

Even if we accept the concession that the district court clearly erred in comparing the victim impact statement regarding Kwok to that regarding Wong under these circumstances, Kwok has not demonstrated that the error affected the outcome of the sentencing proceedings or that it seriously affected the fairness, integrity, or public reputation of judicial proceedings. Kwok submitted the transcript of the Wong resentencing to the district court himself, and that transcript contained a lengthy discussion of the victim impact letters in that case. The sentencing transcript provided Kwok with a summary of the Wong letters and some of the actual words of the sealed letter, and we are not persuaded that he would have been sentenced any differently had he been provided copies of the letters themselves. *See Berndt*, 127 F.3d at 260 (affirming

5

sentence and finding that district court's failure to provide defendant access to a victim letter was harmless error).

In addition, we reject Kwok's argument that the district court committed procedural error in considering "victim forgiveness." Def. Br. at 17. A sentencing court may, of course, consider victim impact evidence. *See Payne v. Tennessee*, 501 U.S. 808, 824-25 (1991); *United States v. Eberhard*, 525 F.3d 175, 177 (2d Cir. 2008); 18 U.S.C. § 3771(a)(4) (a crime victim has the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing"); Fed. R. Crim. P. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard."). Moreover, "[t]he sentencing court's discretion is 'largely unlimited either as to the kind of information [it] may consider, or the source from which it may come.'" *Eberhard*, 525 F.3d at 177 (quoting *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989)) (emphasis omitted). In light of these considerations, we have no difficulty with a sentencing court taking into account a victim's views of a defendant's actions and whether the victim is willing to forgive the defendant for his transgressions, provided that the district court considers other factors, as it did here. In particular, the court considered Kwok's youth at the time of the offense, his rehabilitation, the pain and suffering of the two victims, and "the factors of 3553(a) and . . . the oral arguments." App. 146. Accordingly, we find that there was no plain error.

6

**II.** *Substantive Reasonableness*

We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)) (emphasis in original). Here, we cannot say that a sentence of 37 years' imprisonment for participation in the kidnapping and murder of two people under these circumstances is outside the range of permissible decisions. Given the nature of the crime, the facts in the record, and the deference afforded to district courts in sentencing, we reject Kwok's argument that his sentence was substantively unreasonable.

. . .

We have considered Kwok's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7