*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-three.

PRESENT:

> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                  No. 22-852

SHERROD JOHNSON,

*Defendant-Appellant.*

_____

For Defendant-Appellant: James P. Egan, Assistant Federal Public Defender, Syracuse, NY.

For Appellee: Cyrus P. W. Rieck, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Sherrod Johnson appeals from his conviction and sentence following his guilty plea to two counts of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Johnson to a term of eighty-one months' imprisonment, comprised of two concurrent terms of twenty-one months for the drug-trafficking offenses and a consecutive term of sixty months for the firearm offense. The district court also imposed a term of three years' supervised release. On appeal, Johnson contends that the sentence was both procedurally and substantively

unreasonable.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*First*, Johnson asserts that the district court committed procedural error by failing to adequately explain why it selected a within-Guidelines term of imprisonment for the two drug-trafficking offenses.  After considering the factors set forth in 18 U.S.C. § 3553(a), the district court must, at the time of sentencing, "state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c).  Section 3553(c), however, "sets a low threshold," with "the requisite detail . . . differ[ing] by case."  *United States v. Rosa*, 957 F.3d 113, 119–20 (2d Cir. 2020).  For example, "a brief statement of reasons will generally suffice" where the parties have made "only straightforward, conceptually simple arguments," *id.* at 119 (internal quotation marks omitted), or where the district court "decides simply to apply the Guidelines," *id.* (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).  Similarly, adopting a defendant's presentence report ("PSR") in open court has in some circumstances been held to satisfy section 3553(c)'s requirement of an in-court explanation.  *See, e.g.*, *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) (noting that "a sentencing court may sometimes satisfy its obligation to make findings by adopting the factual statements in the

3

defendant's [PSR]"). At bottom, the district court need only "provide *some* oral account of its reasoning that would permit an understanding of how [it] weighed the relevant considerations and selected the sentence imposed." *Rosa*, 957 F.3d at 120.

Where, as here, a defendant did not object in front of the district court to the sufficiency of its explanation under section 3553(c), we apply the plain-error standard of review. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007). This means that we may not grant relief unless (1) there was error, (2) the error was clear or obvious, rather than subject to reasonable dispute, (3) the error affected the defendant's substantial rights, ordinarily meaning that it affected the outcome of the district court proceedings, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016). Applying that standard, we detect no clear or obvious section 3553(c) violation.

In imposing its sentence, the district court explained that it had "considered all the pertinent information, including but not limited to . . . the addendum, the plea agreement, the submissions by counsel, the 2021 edition of the Sentencing Guidelines Manual, . . . the factors that are outlined in 18 U.S.C. § 3553(a)," and the

PSR, "adopt[ing] the factual information and the Guideline applications" contained therein "with the exception of the enhancement for reckless endangerment during flight." App'x at 97–98. As a result, the district court determined that a term of twenty-one months' imprisonment for the drug-trafficking offenses – a term at the top of a relatively narrow Guidelines range – was "sufficient but not greater than necessary to meet the goals of sentencing," specifically highlighting "the need of the sentence to, A, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; B, afford adequate deterrence to criminal conduct; and C, protect the public from further crimes by [Johnson]." *Id.* at 98. To be sure, the district court "might have said more." *Rosa*, 957 F.3d at 119 (quoting *Rita*, 551 U.S. at 359). Nevertheless, we conclude that the district court's explanation is not plainly inadequate in light of the context and record, which "permit an understanding" that the seriousness of the present offenses and Johnson's criminal history – including past convictions for serious violent conduct and recent instances of violence toward correction officers and fellow inmates – drove the district court's decision. *Id.* at 119–20; *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("In some cases, it may be sufficient for purposes of appellate

5

review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the [section] 3553(a) factors, among others.").[1]

*Second*, Johnson contends that the district court substantively erred by imposing an eighty-one-month sentence. We review a substantive-reasonableness challenge under a "deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), "consider[ing] only whether the length of the sentence is reasonable in light of the [section] 3553(a) factors," *United States v. Ceasar*, 10 F.4th 66, 79 (2d Cir. 2021) (internal quotation marks omitted). While we "consider whether [a sentencing] factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case," we do not consider how we might have weighed particular factors ourselves. *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). In short, "we will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."

---

[1] *United States v. Corsey*, a case upon which Johnson heavily relies, is readily distinguishable. *See* 723 F.3d 366 (2d Cir. 2013). There, ambiguity in the record as to whether the district court correctly understood the Guidelines range obscured whether it properly applied the section 3553(a) factors. *Id.* at 375–76. Additionally, the district court failed to engage with potential "significant issues" involving the calculation of the intended loss, making remand appropriate. *Id.* at 376–77.

*Id.* at 189 (emphasis and internal quotation marks omitted); *see also United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (explaining that "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice" (internal quotation marks omitted)).

Here, Johnson's within-Guidelines sentence falls squarely within the range of permissible decisions, particularly given Johnson's criminal history and the seriousness of the present offenses. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C); *see also United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) ("Although we do not presume that a Guidelines sentence is reasonable, we have recognized that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (internal quotation marks omitted)). While Johnson emphasizes the presence of several mitigating factors, including his untreated substance abuse, his arguably low level of culpability, and his missed opportunity for earned time credit due to the section 924(c) count, mere disagreement with how the district court balanced the section 3553(a) factors is not a sufficient ground for finding an abuse of discretion. *See, e.g.*, *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir.

7

2008) ("[T]he weight . . . afforded any [section] 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." (internal quotation marks omitted)). We therefore see no basis for questioning the substantive reasonableness of the district court's sentence.

We have considered Johnson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court