11-1431-cr
United States v. Santo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

Present:      ROSEMARY S. POOLER,
              REENA RAGGI,
              GERARD E. LYNCH,
                     *Circuit Judges*.

───────────────────────────────────────────

UNITED STATES OF AMERICA,

                        *Appellee*,

              -v.-                                          11-1431-cr

WILLIAM VALERIO, HENRY CONDE, LUIS M. BATISTA,
RAPHAEL RODRIGUEZ, DEYANIRA SANCHEZ,
ALEXANDER ALCANTARA, VIRGILIO HICIANO,

                        *Defendants*,

MIGUEL SANTO, AKA MIGUEL SANTOS,
AKA EL MECANICO,

                        *Defendant-Appellant*.

───────────────────────────────────────────

Appearing for Appellant:     Julia Pamela Heit, New York, N.Y.

Appearing for Appellee:      Anthony M. Capozzolo, Assistant United States Attorney, Eastern District of New York (Loretta E. Lynch, United States Attorney, David C. James, Assistant United States Attorney, *on the brief*), Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant Miguel Santos appeals from a judgment of the district court sentencing him principally to 120 months' imprisonment following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, and MDMA, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii), (b)(1)(A)(ii)(II), and (b)(1)(C). On appeal, Santos asserts that the district court erred in denying him "safety valve" relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a sentencing court's factual findings for clear error." *United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir. 1997). "At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). "When a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal." *United States v. Jass*, 569 F.3d 47, 66-67 (2d Cir. 2009) (internal quotation marks omitted). Applying these principles, we conclude that Santos's appeal has no merit because he conceded below virtually every finding of fact he now disputes. *See United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (deeming challenge to role enhancement waived where defendant failed to object to supporting facts in presentence report).

As to the court's finding that a supervisory role enhancement applied, *see* 18 U.S.C. § 3553(f)(4); U.S.S.G. § 5C1.2(a)(4), Santos argues that the court erred in concluding that Santos managed his son's involvement in the conspiracy because: (1) the record is sparse as to the son's involvement; (2) the government did not prove that Santos managed or controlled his son in furtherance of the conspiracy; and (3) the government should have borne the burden of proving that Santos managed his son but the court did not specify who bore the burden.

The first two points are issues of fact that Santos conceded below and therefore waived. *See Eberhard*, *supra*. As to whether the court properly assigned and articulated which party bore the burden of proof, Santos did not raise the issue below and so we review it only for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). Since Santos conceded the relevant facts and recognized the validity of the government's legal reasoning, Santos cannot prevail on plain error review because any error as to the burden of proof cannot have affected the outcome of the proceeding and therefore cannot have affected Santos's substantial rights. *See United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010).

Regarding the court's finding that Santos had made a "credible threat[] of violence" against co-conspirator Virgilio Hiciano, *see* 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2), Santos argues on appeal that (1) the allegedly threatening letter was too vague to constitute a

credible threat; (2) the letter was actually a good faith attempt "to warn Hiciano to pay his debt so that neither he or his family would be injured as [Santos] was," and (3) the letter "was a product of coercion and actual violence" against Santos, thereby excusing his actions under a theory of duress. Appellant's Br. 31.

These arguments are waived. *See Eberhard*, *supra*. As to the first two arguments, during the sentencing hearing, defense counsel "concede[d] that there was violence here and [Santos] availed himself of that when he threatened Mr. Hiciano." Sentencing Tr. 16:11-12. Santos cannot now argue that in fact he was not threatening Hiciano. As to the last argument, which suggests a theory of duress, it is waived; while Santos made a similar argument in his sentencing memorandum, defense counsel conceded at the sentencing hearing that Santos's victimization "d[id]n't justify his behavior." *Id.* at 16:15-16.

We have reviewed the remainder of Santos's arguments and have found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3