United States v. Rodriguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven,

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

            -v-                                    10-1982-cr

DOMINGO RODRIGUEZ,

                              *Defendant-Appellant*,

JORGE GARCIA REYNOSO,

                              Defendant.[1]

_____


Appearing for Appellant:     Beverly Van Ness, New York, N.Y.

_____

[1] The Clerk of Court is hereby directed to correct the caption to read as above.

Appearing for Appellee:     Nicole Boeckmann, Assistant United States Attorney for the
                            Eastern District of New York (Loretta E. Lynch, United States
                            Attorney for the Eastern District of New York, David C. James,
                            Assistant United States Attorney for the Eastern District of New
                            York, *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Domingo Rodriguez appeals from an amended judgment, entered May 14, 2010, in the United States District Court for the Eastern District of New York (Feuerstein, *J.*) sentencing him on remand to a term of 86 months imprisonment and three years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Rodriguez and his co-defendant, Jorge Garcia-Reynoso, were convicted in 2008 of the substantive offense of hostage taking 18 U.S.C. § 1203(a), conspiracy to transport an illegal alien for commercial advantage, 8 U.S.C. § 1324(a)(1)(A)(v)(I), and the substantive offense of transporting an illegal alien, 8 U.S.C. § 1324(a)(1)(A)(ii).  On appeal, we vacated the hostage taking conviction and remanded to the district court for resentencing on the remaining counts. *United States v. Rodriguez*, 587 F.3d 573, 580 (2d Cir. 2009).

On remand, the PSR recommended an adjusted offense level of 14, yielding a Guidelines sentencing range of 15 to 21 months.  The defense argued for a sentence of time served, which at that point was 63 months.  The Government sought an upward departure sentence of 120 months. The district court accepted the PSR's recommendation to set the adjusted offense level at 14. The district court stated it believed Rodriguez had displayed "a consistent disregard and [dis] respect for the law and those who must enforce the law." Finding Rodriguez demonstrated a lack of remorse, the district court imposed an above-Guidelines sentence of 86 months.

Rodriguez limits his appeal to the substantive reasonableness of the sentence, which we review of an abuse of discretion.  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).  As we explained in *Cavera*, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case.  We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  *Id.* (internal quotation marks and citation omitted).

The record reflects that the district court considered the appropriate Section 3553(a) factors, and simply did not accord the same weight Rodriguez did for "positive facts" about his history, such as his work record, financial support of his family and good conduct in prison.  The

district court simply believed that Rodriguez had displayed "a consistent disregard and respect for the law," and sentenced him accordingly.  There is no abuse of discretion.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk