**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-1616 & 12-1913
_____

DOMINGO IGNACIO RODRIGUEZ-RODRIGUEZ,
a/k/A Domingo Ignacio Rodriguez, a/k/a Albert Meindl, a/k/a Paco Rodriguez

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                                  Respondent

Domingo Ignacio Rodriguez-Rodriguez,
                                                                  Petitioner
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-502-243)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 4, 2013 )
_____

OPINION
_____

PER CURIAM

In 2008, petitioner Rodriguez, who is a citizen of the Dominican Republic, was

1

convicted of two alien-smuggling offenses.[1]  See Administrative Record (A.R.) 237.  He was thereafter charged with removability as an aggravated felon.  A.R. 206; see also 8 U.S.C. §§ 1101(a)(43)(N), (U), 1227(a)(2)(A)(iii).  Appearing without counsel before an Immigration Judge (IJ), Rodriguez requested that removal proceedings be "suspend[ed] . . . until there is a decision forthcoming from the Supreme Court" on his criminal case.  The IJ denied the request, sustained the charges of removal, and ordered Rodriguez deported to the Dominican Republic.  A.R. 111–12, 125.  The Board of Immigration Appeals (BIA) dismissed Rodriguez's appeal.  This timely petition for review followed.  The Government has filed a motion to dismiss for lack of jurisdiction.

We grant the Government's motion and will dismiss the petition.  Under the Immigration and Nationality Act, we lack jurisdiction to review "any final order of removal" rendered against criminal aliens, *except* to the extent that the alien raises a colorable legal or constitutional claim.  8 U.S.C. § 1252(a)(2)(C)–(D); Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007).  Here, Rodriguez appears to challenge the IJ's decision to deny his request for a continuance and the agency's overall decision to order him removed while his 28 U.S.C. § 2255 motion was pending.[2]  We have not yet, in a precedential decision, squarely addressed whether we retain jurisdiction when a criminal alien, subject to the jurisdiction-stripping provisions cited above, challenges the denial of

---

[1] A conviction on an additional hostage-taking charge was vacated.  See United States v. Rodriguez, 423 F. App'x 28, 28–29 (2d Cir.) (summary order), cert. denied, 132 S. Ct. 531 (2011).

[2] We take judicial notice that the § 2255 motion is still pending as of the time of writing.  See E.D.N.Y. Civ. No. 2:11-cv-05470.

a continuance, although at least one of our sister Circuits has answered this question in the negative. See Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010). There may be situations in which a denial of a continuance might be so unjustified or erroneous as a matter of law to elevate it to a reviewable level. See, e.g., Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009). This petition, however, is not of that sort. The record reflects that Rodriguez's certiorari petition was denied on the exact same day that the IJ ordered him removed. Any due process claim stemming from the denial of a continuance pending resolution of certiorari to the United States Supreme Court therefore became "wholly insubstantial and frivolous" long before reaching the BIA; since it is not "colorable," it does not grant us jurisdiction over this petition. See Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). Nor does the pendency of a § 2255 motion affect the finality of a conviction. Paredes v. Att'y Gen., 528 F.3d 196, 198– 99 (3d Cir. 2008). In sum, we detect no colorable constitutional or legal claim in this petition for review, and we are otherwise unable to reach the merits of Rodriguez's claims due to his criminal-alien status. Accordingly, we are compelled to dismiss the petition for review.