United States v. DiRose

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
 GUIDO CALABRESI,
 CHRISTOPHER F. DRONEY,
 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
 <u>Appellee</u>,

 -v.-                                    13-4833

RICARDO A. DIROSE, aka Richard Thomas,
aka Rich Decchio, aka Ricardo Disrof,
 <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                Gene V. Primono (<u>with</u> Molly
                              Corbett), Federal Public
                              Defender's Office, Albany, New
                              York.

FOR APPELLEE:                 Robert A. Sharpe (<u>with</u> Rajit S.
                              Dosanjh), for Richard S.

1

Hartunian, U.S. Attorney for the
Northern District of New York,
Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ricardo DiRose appeals from the judgment of the United States District Court for the Northern District of New York (Scullin, J.), sentencing DiRose to 24 months imprisonment for two violations of conditions of supervised release.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 1998, the district court sentenced DiRose to eighteen months imprisonment and three years supervised release for conspiracy to commit tax fraud.  Because of unrelated, consecutive prison sentences, DiRose did not begin his term of supervised release until August 5, 2005.  Within four days, he absconded.  He never showed up to his assigned residence or to an August 9, 2005, appointment with his probation officer.  DiRose was neither seen nor heard from until more than eight years later, in November 2013, when he was arrested in Florida.  After returning in custody to the Northern District of New York, DiRose admitted to two violations of conditions of supervised release: failure to report to his probation officer, and failure to notify his probation officer of a change in residence.  The district court found that DiRose's conduct represented Grade C violations, that he had a criminal history category of VI, and that the U.S. Sentencing Guidelines ("USSG") advisory range was eight to fourteen months imprisonment.  The district court imposed a sentence of 24 months imprisonment.

We review sentences for reasonableness, United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam), which "amounts to review for abuse of discretion," United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc).  This standard "applies both to 'the sentence itself' and to 'the procedures employed in arriving at the sentence.'" United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (quoting United States v. Fernandez, 443 F.3d

19, 26 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007)).

DiRose raised no objection to the procedure surrounding and explanation of his sentence in the district court. He now raises three such challenges, and each is subject to the plain error standard. See United States v. Wagner-Dano, 679 F.3d 83, 88, (2d Cir. 2012).

DiRose first challenges his sentence on the ground that the district court failed to explain how his medical condition was taken into account. Procedural reasonableness requires a district court to consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a)(2)(D); see id. § 3583(e). We presume that a sentencing court did consider this factor, like all statutory factors, unless the record suggests otherwise. Fernandez, 443 F.3d at 30. In this case, DiRose's counsel identified a variety of health issues to the district court. The government responded that the medical condition "doesn't prevent him from continuing to commit crimes and not leading a law abiding life." This discussion at DiRose's sentencing reinforces the presumption that the district court took all of the required factors into account.

DiRose further attacks the procedural reasonableness of the sentence by arguing that the district court improperly based an above-Guidelines sentence upon a reason already incorporated into the Guidelines' advisory range: specifically, "breach of trust" appears both in the policy statement of the Sentencing Guidelines concerning violations of supervised release, see USSG ch. 7, pt. A, ¶ 3(b), and in the district court's explanation for the above-Guidelines sentence. This is not error. The Guidelines' policy statement presents "the extent of the breach of trust" as a critical factor in determining the appropriate sentence for a violation of supervised release. Id. When the district court used the extent of DiRose's breach of trust as a determinant of his above-Guidelines sentence, it gave effect to that policy statement.

Finally, DiRose contends that his sentence is procedurally unreasonable because the district court inappropriately considered the crimes that DiRose committed while a fugitive. The district court made clear at sentencing that it considered these crimes only as evidence

of the extent of DiRose's breach of trust.  This use of DiRose's conduct while a fugitive was wholly within the district court's discretion.

DiRose characterizes some of these arguments as bearing upon substantive reasonableness.  All the arguments are in essence procedural.

DiRose has not identified any error--and certainly no plain error--in his sentencing.  For the foregoing reasons, and finding no merit in DiRose's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK