*United States v. Elkorany*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-four.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                              No. 22-2944

KARIM ELKORANY,

*Defendant-Appellant.**

_____

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| For Defendant-Appellant: | ANTHONY CECUTTI, Law Office of Anthony Cecutti, New York, NY. |
|---|---|
| For Appellee: | ROBERT B. SOBELMAN (Lara Pomerantz, Daniel C. Richenthal, Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 9, 2022 judgment of the district court is **AFFIRMED**.

Karim Elkorany appeals from a judgment following his guilty plea to making false statements to federal law enforcement officers, in violation of 18 U.S.C. § 1001(a)(2), and assaulting an internationally protected person, in violation of 18 U.S.C. §§ 112(a) and 3238. The district court sentenced Elkorany to a term of 180 months' imprisonment, to be followed by three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Background

Over the span of nearly two decades, Elkorany drugged and sexually assaulted or attempted to sexually assault at least twenty unsuspecting women, many of whom thought of him as a friend or professional colleague. During most of this time, Elkorany was employed at the United States Department of State and the United Nations (the "UN").

On May 24, 2022, Elkorany appeared before the district court and pleaded guilty to two counts. *First*, Elkorany pleaded guilty to making false statements to law enforcement, based on lies he made to federal agents when they interviewed him in November 2017 about his drugging and sexual assault of a woman with whom he worked at the UN ("Victim 1") in November 2016. *Second*, Elkorany pleaded guilty to assaulting an internationally protected person, based on an October 2015 assault of a different victim ("Victim 2"), who also worked for the UN and had been repeatedly drugged and sexually assaulted by Elkorany between 2014 and 2019.

Elkorany's Plea Agreement stipulated to a Guidelines range of thirty-three to forty-one months' imprisonment and a statutory maximum term of imprisonment of fifteen years. In addition to the charged conduct vis-à-vis Victims 1 and 2, Elkorany stipulated in the Plea Agreement that he drugged and

3

sexually assaulted another eleven women, and drugged six more.[2] Further, in the Plea Agreement, Elkorany agreed that "all of the [above-listed] conduct . . ., in which the defendant admits engaging, constitutes either relevant conduct, pursuant to [U.S.S.G. § 1B1.3], or other conduct of the defendant, pursuant to U.S.S.G. [§] 1B1.4, that the [c]ourt may consider at the time of sentencing." Gov't Br. Add. at 3.

The district court imposed a sentence of 180 months' imprisonment – the statutory maximum sentence – to be followed by three years' supervised release. It also ordered Elkorany to pay restitution to his victims in the amount of $15,083.76. On appeal, Elkorany argues that his sentence was procedurally and substantively unreasonable.

## II. Standard of Review

"Criminal sentences are generally reviewed for reasonableness," which "amounts to review for abuse of discretion." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). Where, as here, a defendant has failed to raise procedural-reasonableness challenges below, we review those

---

[2] The government identified one additional victim after Elkorany pleaded guilty, and Elkorany did not object to the inclusion of information regarding this victim in the PSR. In total, Elkorany admitted to drugging and/or sexually abusing twenty women, but the charged conduct related to only two of those women.

4

arguments for plain error.[3]  *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013).  Under plain-error review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district[-]court proceedings; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings."  *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alterations and internal quotation marks omitted).

## III.    Procedural Reasonableness

"A district court errs procedurally when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *Alvarado*, 720 F.3d at 157 (internal quotation marks omitted).

---

[3] Elkorany contends that plain-error review applies only to *some* of the procedural-reasonableness arguments that he failed to raise below.  But under the law of this Circuit, we conduct plain-error review for *all* of the procedural-reasonableness challenges made by Elkorany for the first time on appeal.  *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007) (applying plain-error review to unpreserved argument that district court failed to consider section 3553(a) factors); *see also, e.g., United States v. Chen Chung*, 738 F. App'x 702, 703–04 (2d Cir. 2017) (applying plain-error review to unpreserved argument that district court erred in considering victim-impact evidence).

Elkorany first argues that his 180-month sentence was procedurally unreasonable because of the "unusually high number of written and oral victim[-]impact statements" that were considered by the district court. Elkorany Br. at 26. But it is well settled that "sentencing court[s] may . . . consider victim[-]impact evidence," *United States v. Chen Chung*, 738 F. App'x 702, 704 (2d Cir. 2017), and have "largely unlimited" "discretion . . . as to the kind of information [they] may consider" and "the source from which it may come," *United States v. Eberhard*, 525 F.3d 175, 177 (2d Cir. 2008) (emphasis and internal quotation marks omitted). Accordingly, we discern no error – much less error that is "clear or obvious," *Marcus*, 560 U.S. at 262 – in the district court's decision to review nine submitted victim-impact statements and allow nine victims to testify at sentencing. The absence of error is highlighted by Elkorany's failure to "object[] to the victim statements," *Eberhard*, 525 F.3d at 178; his suggestion, at sentencing, that "the victims . . . speak . . . before anyone else," App'x at 643; and the fact that he was afforded "an opportunity to respond after hearing from the victims," *Eberhard*, 525 F.3d at 178. Given the stipulations contained in the Plea Agreement, it is difficult to see why the district court's consideration of victim-impact statements and testimony from a subset of Elkorany's twenty victims was plain error.

6

Elkorany next contends that the district court committed procedural error by not considering certain mitigating factors – *e.g.*, his traumatic childhood (which included sexual abuse), his long-running history of mental-health and substance-abuse problems, his rehabilitation efforts, as well as potential sentencing disparities and collateral consequences – when evaluating the section 3553(a) factors. But this argument ignores our "presum[ption] that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012) (internal quotation marks omitted). Moreover, during the sentencing proceeding, the district court explicitly addressed many of the mitigating factors highlighted by Elkorany on appeal, which only "reinforces the presumption that the district court took all of the required factors into account." *United States v. DiRose*, 586 F. App'x 808, 810 (2d Cir. 2014).[4] Based on our review of the record, we find no reason to doubt that the

---

[4] *See, e.g.*, App'x at 717 (rejecting Elkorany's "effort . . . to blame his repeated raping of women on his consumption of alcohol and drugs" or on "his parents because they were working too hard to support their family"); *id.* (explaining that Elkorany's proposal "of a lighter sentence to be followed by therapy [was] not viable" because "there was no recognition that there was a deeply serious problem that needed to be attended to"); *id.* at 718 (rejecting argument that Elkorany was "the product of a severely deprived childhood"); *id.* (reasoning that Elkorany's gainful employment "doesn't have the positive benefit it usually does because [he] used his jobs to entice women into situations in which he could rape or drug them").

district court reviewed all sentencing materials and "considered all of the [section] 3553(a) factors." App'x at 641–42, 718.

## IV. Substantive Reasonableness

Elkorany additionally argues that his 180-month sentence was substantively unreasonable because it was more than four times greater than the top of the applicable Guidelines range of thirty-three to forty-one months. Appellate review for substantive reasonableness "provide[s] a backstop for those few cases that . . . would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (internal quotation marks omitted).

Here, the district court recognized that the Guidelines range accounted only for the harm inflicted upon *one* of Elkorany's many victims and "b[ore] no relationship to the magnitude and severity of the admitted crimes." App'x at 713. In the context of Elkorany's repeated pattern of predation – which included the drugging and/or sexual assault of twenty women over the course of nearly two

8

decades – the district court's 180-month sentence is not "shockingly high." *Rigas*, 583 F.3d at 123. The district court was permitted to consider this uncharged conduct for sentencing purposes, given that Elkorany admitted to the drugging and/or sexual assault of seventeen additional women; he did not object to the district court considering his drugging of the eighteenth; and the sentence was within the statutory maximum of fifteen years' imprisonment. *See United States v. Ulbricht*, 858 F.3d 71, 128 (2d Cir. 2017).

The mere fact that Elkorany disagrees with the weight that the district court assigned to any particular sentencing factor is not enough to establish that his sentence was substantively unreasonable. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). Nor does the magnitude of the difference between the Guidelines range and the sentence imposed in this case, standing alone, render the sentence substantively unreasonable. *See, e.g., United States v. Rodriguez*, 423 F. App'x 28, 29 (2d Cir. 2011) (affirming 86-month sentence that was more than four times the top of the Guidelines range); *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (explaining that a sentence that was more than five times the top of the Guidelines range was, "[b]y itself," "insufficient to demonstrate substantive unreasonableness"). For all of these reasons, we have no trouble concluding that

9

the district court's sentence was "located within the range of permissible decisions." *Perez-Frias*, 636 F.3d at 42.[5]

We have considered Elkorany's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] To the extent Elkorany raises a procedural-reasonableness challenge based on the district court's purported failure to articulate its reasons for imposing the statutory maximum, that claim fails as well. To be sure, the district court was required to make a "simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). But it did so here when it explained that the Guidelines range, which accounted for one assault and false statements to law enforcement, was not commensurate with the scope and severity of Elkorany's victimization of at least twenty women over seventeen years.